Filing # 139961627 E-Filed 12/08/2021 01:51:40 PM

## IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT, IN AND FOR LEE COUNTY, FLORIDA

Case No.:

MARY ELIZABETH GORDON,

    *Plaintiff,*

vs.

WAL-MART STORES EAST, LP,

    *Defendant.*

_____/

### COMPLAINT

Plaintiff, MARY ELIZABETH GORDON ("Plaintiff" and/or "GORDON"), by and through the undersigned counsel, sues Defendant, WAL-MART STORES EAST, LP ("WALMART" or "Defendant"), and states:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000 and is otherwise within the jurisdiction of this Court.

2. All conditions precedent have been performed, have occurred or have been waived.

3. At all times material hereto, Plaintiff, GORDON, is over the age of eighteen, resides in Lee County, Florida and is otherwise *sui juris*.

4. At all times material hereto, Defendant, WAL-MART STORES EAST, LP, is a Foreign limited partnership, with its principal address located at 702 SW 8th St, Bentonville, AR, 72716, doing business in Lee County, Florida and is otherwise *sui juris*.

5. At all times material hereto, Defendant, WAL-MART STORES EAST, LP, owned and operated a retail store located at or about 4770 Colonial Blvd, Fort Myers, FL 33966, in Lee County, Florida.

6. The incident that forms the subject matter of this litigation occurred at the Walmart Store located at or about 4770 Colonial Blvd, Fort Myers, FL 33966, in Lee County (the "PREMISES").

7. On or about December 9, 2019, Plaintiff was shopping at Wal-Mart when she slipped on liquid on the floor and injured herself.

8. The incident occurred at the Premises, in the grocery section of the store, at an aisle that intersects with the perimeter aisle that contains meat products, upon information and belief, approximately at Aisle A10.

9. Defendant responded to the incident location and cleaned up the liquid, and is aware of the precise location of the incident within the store.

10. On or about December 9, 2019, and at all times material hereto, Defendant, WAL-MART STORES EAST, LP, owned, possessed, controlled, operated, and/or was responsible for maintaining the PREMISES.

11. On or about December 9, 2019, Plaintiff, GORDON was a lawful business invitee at the PREMISES.

12. All conditions precedent to this action have occurred or have been waived.

### COUNT I
### NEGLIGENCE AGAINST WAL-MART STORES EAST LP

13. Plaintiff realleges and reaffirms paragraphs 1 through 12 as if fully set forth herein.

14. At all times material hereto, Defendant, WALMART, owed a non-delegable duty of reasonable care to inspect, maintain, and repair the PREMISES, and keep it in a reasonably safe condition for the safety of invitees such as Plaintiff, which includes without limitation reasonable efforts to keep the premises free from transitory substances that might foreseeably give rise to loss, injury, or damage.

15. At all times material hereto, Defendant, WALMART was lawfully required to use reasonable care in the inspection and maintenance of its store and the store's walking surfaces, to correct and prevent unreasonably dangerous conditions which were known or should have been known with the exercise of due care, including without limitation, unreasonably dangerous walking surfaces, wet and/or slippery walking surfaces, the presence of liquid or transitory substance, and other unreasonably dangerous conditions that might foreseeably give rise to loss, injury or damage to invitees such as Plaintiff.

16. Moreover, at all times material hereto, Defendant, WALMART, had a duty to warn of dangerous defects and conditions which were known or should have been known to WALMART with the exercise of reasonable care but which were concealed, hidden and/or unknown to invitees such as Plaintiff.

17. On or about December 9, 2019 and all times material hereto, Defendant, WALMART, through its agents, employees and/or servants, breached its duty by failing to exercise reasonable care in the inspection and maintenance of the PREMISES and its walking surfaces, failing to provide reasonably safe walking surfaces, failing to keep the PREMISES and its walking surfaces in a reasonably safe condition, failing to reasonably inspect the PREMISES and identify dangerous conditions, including the liquid that caused the incident, by failing to use reasonable care with respect to the maintenance of the PREMISES, and by otherwise failing to use reasonable care with respect to the subject incident and the dangerous condition(s) that caused and/or contributed to the subject loss.

18. Moreover, on or about December 9, 2019 and at all times material hereto, Defendant, WALMART, through its agents, employees and/or servants, breached its duty to warn by failing to warn about and/or demark one or more dangerous conditions, including without

limitation, the liquid that caused Plaintiff to slip, and/or other unreasonably dangerous conditions which were known or should have been known to WALMART with the exercise of reasonable care, but which were hidden and otherwise unknown to Plaintiff despite her use of reasonable care.

19. Defendant, WAL-MART STORES EAST, LP, had actual and/or constructive notice of the dangerous condition(s) in that WALMART, because its agents and/or employees, created the condition, had actual notice of the dangerous condition(s), the condition occurs with such regularity and frequency to put Defendant on notice, and/or the dangerous condition(s) existed for a sufficient length of time that a reasonable owner, possessor and/or operator of an establishment open to the public would have discovered and/or remedied the dangerous condition(s).

20. As a direct and proximate result of Defendant, WALMART's negligence, Plaintiff, MARY ELIZABETH GORDON, suffered bodily injury and/or aggravation of a preexisting condition, medical expenses, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. Plaintiff's losses are either permanent or continuing and Plaintiff will suffer losses in the future.

WHEREFORE, Plaintiff, MARY ELIZABETH GORDON, sues the Defendant, WAL-MART STORES EAST, LP, for compensatory damages and costs and demands a trial by jury on all issues so triable as a matter of right.

### DEMAND FOR JURY TRIAL

Plaintiff, MARY ELIZABETH GORDON, hereby demands a trial by jury on all issues so triable.

**Respectfully submitted,**

Dated: December 8, 2021

/s/ *Michael J. Pascucci*

Michael J. Pascucci, Esq.
Fla. Bar. No.: 0083397
Steven N. Saul, Esq.
Fla. Bar No.: 1002827
Joshua H. Eggnatz, Esq.
Fla. Bar. No.: 0067926
EGGNATZ | PASCUCCI
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel:   (954) 889-3359
Fax:   (954) 889-5913
MPascucci@JusticeEarned.com
SSaul@JusticeEarned.com
JEggnatz@JusticeEarned.com
SGizzie@JusticeEarned.com

*Attorneys for Plaintiff*